**UNITED STATES of America for the Use and Benefit of P.W. BERRY COMPANY, INC., an Oregon corporation, Plaintiff,**

v.

**GENERAL ELECTRIC COMPANY, a New York corporation; General Electric Government Engineering & Management Services, a New York corporation; and Federal Insurance Company, an Indiana corporation, Defendants.**

**Civ. No. 93–1526–FR.**

United States District Court, D. Oregon.

May 12, 1999.

Thomas J. Murphy, Furrer & Scott LLC, Tigard, OR, for plaintiff.

Daniel M. Ricks, Daniel L. Keppler, Kennedy, Watts, Arellano & Ricks LLP, Portland, OR, for defendants.

## OPINION AND ORDER

FRYE, District Judge.

The matter before the court is the motion of defendant General Electric Company to reopen (# 85–1) and for dismissal with prejudice (# 85–2).

## BACKGROUND

On December 7, 1993, the plaintiff, P.W. Berry Company, Inc. (hereinafter referred to as "plaintiff Berry"), filed this action against the defendants, General Electric Company, General Electric Government Engineering & Management Services, and Federal Insurance Company (hereinafter referred to as "defendants General Electric"). Plaintiff Berry alleged that during the period from April of 1991 through February of 1993, it performed work and supplied materials to the Bonneville Power Administration to build series capacitor facilities at three sites in Central Oregon for which it has never been paid. Plaintiff Berry alleged in the complaint that defendants General Electric were liable to pay for the work performed and the materials supplied.

On March 17, 1994, plaintiff Berry filed an amended complaint.

On May 31, 1994, this court ordered plaintiff Berry to produce documents and to respond to interrogatories as requested by defendants General Electric. The court ordered plaintiff Berry to pay the attorney fees and costs incurred by defendants General Electric for the failure of plaintiff Berry to provide this discovery.

After plaintiff Berry failed to provide the discovery as ordered by the court, defendants General Electric moved to dismiss this case pursuant to Fed.R.Civ.P. 37(b)(2). On October 19, 1994, this court denied the motion of defendants General Electric to dismiss and once again ordered plaintiff Berry to provide the discovery requested by defendants General Electric. The court also ordered plaintiff Berry to pay the attorney fees and costs incurred by defendants General Electric resulting from the delay in providing discovery.

On November 4, 1994, defendants General Electric moved again to dismiss this action based upon the failure of plaintiff Berry to timely lodge the pretrial order. On December 12, 1994, this court entered an order denying the motion of defendants General Electric to dismiss and setting a new schedule for the submission of a pretrial order. The court also awarded defendants General Electric its attorney fees and costs incurred in connection with its motion to dismiss this action.

In January of 1996, the parties participated in a settlement conference. They were unable to resolve their dispute.

In April of 1996, the parties signed a stipulation agreeing to resolve the case by binding arbitration. The stipulation provided, in part:

In order to facilitate resolution of the claims and counterclaims now pending in this case Use Plaintiff P.W. Berry ("plaintiff") and defendants "GE" stipulate as follows:

1. All claims and counterclaims asserted in this proceeding shall be resolved by binding arbitration before a panel of three arbitrators. The arbitration proceeding shall be governed by the rules and procedures of the American Arbitration Association, (the parties will not have to initiate a proceeding with AAA) except as set forth in this Stipulation. The provisions of this Stipulation control the arbitration proceeding and shall supersede any inconsistent rules and procedures of the American Arbitration Association.

Exhibit 1 to Use Plaintiff's Response to Defendants' Motion to Reopen and for Dismissal with Prejudice, p. 1.

On May 20, 1996, this court ordered that "this action is dismissed without prejudice and with leave to reopen if arbitration does not resolve this action." Order of Dismissal (# 84).

Arbitration has never been conducted.

In December of 1998, plaintiff Berry filed an action in the Circuit Court of the State of Oregon for the County of Multnomah alleging claims for breach of contract based upon facts identical to the facts alleged in the complaint filed in this court on December 7, 1993. Plaintiff Berry sought damages identical to the damages alleged in the complaint filed in this court on December 7, 1993. The Multnomah County case was subsequently removed to federal court by defendants General Electric.

On March 4, 1999, defendants General Electric filed its motion to reopen and for dismissal with prejudice pursuant to Fed. R.Civ.P. 41(b) now before the court.

On April 7, 1999, plaintiff Berry filed a response to the motion of defendants General Electric to reopen and for dismissal of the action with prejudice.

On April 19, 1999, defendants General Electric filed a reply.

## CONTENTIONS OF THE PARTIES

Defendants General Electric contend that this action should be dismissed because of plaintiff Berry's failure to prosecute, because of plaintiff Berry's failure to submit its claims to arbitration, and because of plaintiff Berry's continued pattern of delay and disregard for this court's orders. Defendants General Electric urge the court to reopen this case and to dismiss plaintiff Berry's claims with prejudice because plaintiff Berry has failed to abide by its stipulation and the court's order requiring arbitration.

Plaintiff Berry contends that this court should deny the motion of defendants General Electric to reopen and to dismiss this case with prejudice based upon the failure of defendants General Electric to comply with the requirement in Local Rule 7.1(a) that every motion contain a certification that the parties have conferred and made a good faith attempt to resolve this dispute prior to the filing of this motion. Plaintiff Berry acknowledges that this matter has not proceeded as expeditiously as the court is entitled to expect, but contends that dismissal with prejudice is not warranted. Plaintiff Berry suggests that the court reopen this case for the limited purpose of ordering it and defendants General Electric to proceed with arbitration in accordance with their stipulation within a specified period of time.

Defendants General Electric concede that they have failed to confer pursuant to Local Rule 7.1(a), but contend that a formal motion to dismiss could not have been avoided by a conference between the parties.

## APPLICABLE LAW

Local Rule 7.1(a) provides:

**(a) Certification Requirements**

(1) The first paragraph of every motion must certify that:

(A) The parties made a good faith effort through personal or telephone conferences to resolve the dispute, and have been unable to do so; or

(B) The opposing party willfully refused to confer.

(2) The court may deny any motion that fails to meet this certification requirement.

## RULING OF THE COURT

The inability of counsel for plaintiff Berry and counsel for defendants General Electric to communicate and to take the steps reasonably necessary to resolve the dispute in this case is exactly the problem that Local Rule 7.1(a) was intended to address. This court will not excuse any further the longstanding lack of communication and cooperation between counsel by ignoring their failure to confer prior to the filing of this motion and by not enforcing the local rules. See also Local Rule 83.7, which provides "Standards of Professional Conduct," requiring that every attorney "[d]ischarge the obligations owed to their clients and to the court ." LR 83.7(d). Both parties stipulated to resolve this case by binding arbitration, and they need to do so forthwith.

IT IS HEREBY ORDERED that defendants General Electric's motion to reopen (# 85–1) and for dismissal with prejudice (# 85–2) is DENIED on the grounds that defendants General Electric have not complied with Local Rule 7.1(a).